IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DIA MOHAMMAD,** | | FILED: AUGUST 26, 2008 |
| **Plaintiff,** | | 08CV4881 |
| | Case No. | JUDGE MANNING |
| v. | | MAGISTRATE JUDGE DENLOW |
| **ROHR LUX MOTORS, INC., d/b/a LIBERTYVILLE MITSUBISHI, INC.,** | | AO |
| **Defendant.** | | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, DIA MOHAMMAD ("Plaintiff"), by and through his attorney, Kevin Vodak of the Council on American-Islamic Relations, Chicago Chapter, complaining of Defendant, ROHR LUX MOTORS, INC., d/b/a LIBERTYVILLE MITSUBISHI, INC., ("Defendant") states as follows:

## INTRODUCTION

1. Plaintiff seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981, as amended, as a result of race discrimination he suffered as a customer of Defendant, a car dealership. Plaintiff also seeks legal relief under state law for negligent misrepresentation, defamation and intentional infliction of emotional distress, and equitable relief in quasi-contract.

## JURISDICTION AND VENUE

2. This complaint alleges violations of Plaintiff's civil rights under 42 U.S.C. § 1981. Therefore, jurisdiction of this court over the federal claims is proper

pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction over the state claims is proper pursuant to 28 U.S.C. § 1367.

3. The conduct alleged herein occurred in the Northern District of Illinois; therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, DIA MOHAMMAD, is a Muslim male of Palestinian origin. Plaintiff bears the racial characteristics of an Arab individual and/or is generally perceived to have such characteristics. Plaintiff presently resides in Lake County, Illinois.

5. Defendant, ROHR LUX MOTORS, INC., D/B/A LIBERTYVILLE MITSUBISHI, INC., is an Illinois corporation with one of its places of business located at 1119 S. Milwaukee Ave., Libertyville, IL 60048, in Lake County.

## COMMON ALLEGATIONS

6. In December 2006, Plaintiff purchased a used Mercedes Benz S500 from Libertyville Mitsubishi. Defendant's salesperson Dan Schmidt also sold Plaintiff a "gold level" extended warranty at this time.

7. Mr. Schmidt told Plaintiff that the "gold level" warranty would cover all repairs on the car for the next twenty-five thousand miles (25,000) or twenty-four (24) months, whichever occurred first.

8. Several months later, before the warranty expired, Plaintiff returned to Libertyville Mitsubishi to extend the existing warranty.

9. Plaintiff explained to Mr. Schmidt that he wanted to purchase a warranty with the same coverage as the first warranty. Mr. Schmidt assured Plaintiff that another

"gold level" warranty would cover his car in "exactly the same way" as the first warranty.

10. Relying on Mr. Schmidt's assurances about the validity and coverage of the second warranty (the "Warranty"), Plaintiff purchased the Warranty for two thousand dollars ($2000.00).

11. Once Plaintiff agreed to purchase the Warranty, Mr. Schmidt turned to the signature page of the Warranty contract, pointed to the signature line, and instructed Plaintiff, "Just sign here. It's the same thing [as the first warranty]."

12. Relying on Mr. Schmidt's statement that the Warranty contract was "the same thing," as the first warranty, Plaintiff signed the contract without reading it.

13. The Warranty's "eligibility requirements" state, "Used Vehicle Service Agreement can only be purchased at the time of vehicle sale."

14. The Warranty further states, "If the vehicle to be covered is not eligible for the plan or term chosen, this Contract is void."

15. Nine (9) months after Plaintiff purchased the Warranty, on August 7, 2007, Plaintiff took his car to a Mercedes Benz dealership for routine repairs. For the first time, Plaintiff discovered that the Warranty was invalid because of the "purchase-at-time-of-sale" clause.

16. Confused as to why Mr. Schmidt would have sold him an invalid warranty, Plaintiff returned to Libertyville Mitsubishi and asked Mr. Schmidt to honor the Warranty.

17. Mr. Schmidt expressed surprise and dismay that the Warranty was invalid. He consulted his supervisor (the "Supervisor") about how to proceed.

18. Observing Plaintiff's race, the Supervisor angrily told Mr. Schmidt to refuse to honor the Warranty. He exclaimed, "We don't negotiate with terrorists!" so loudly that at least four (4) employees and three (3) customers heard the outburst.

19. When Plaintiff approached the Supervisor, the Supervisor exclaimed even more loudly, "I don't negotiate with terrorists. Get out of here!" Numerous customers and employees were within earshot.

20. The Supervisor then ordered Plaintiff to leave the dealership. When Plaintiff paused to call his lawyer for advice, the Supervisor called the Libertyville Police Department to expel Plaintiff from the dealership.

21. When the police arrived, the Supervisor explained his behavior by once again angrily exclaiming, "I don't negotiate with terrorists!"

22. Throughout his interaction with Plaintiff, Mr. Schmidt was acting within the scope of his employment relationship with Defendant.

23. The Supervisor was also acting within the scope of his employment relationship with Defendant throughout his interactions with Plaintiff.

## COUNT I: VIOLATION OF 42 U.S.C. §1981

### RACE DISCRIMINATION

24. Plaintiff reasserts and realleges paragraphs one (1) through twenty-three (23) as set forth fully herein.

25. Defendant interfered with Plaintiff's right to make and enforce contracts by refusing to honor the warranty or provide any relief to Plaintiff for purchasing an invalid warranty from Defendant.

26. Defendant acted with an intent to discriminate against Plaintiff based on his race, Arab of Palestinian descent, as exemplified by, including but not limited to: refusing to honor the Warranty; yelling "I don't negotiate with terrorists!" three (3) times in the presence of numerous customers, employees and police officers; refusing to speak with Plaintiff; ordering Plaintiff to leave the car dealership; and calling the police to remove Plaintiff.

27. The aforementioned acts and omissions of Defendant's employees constitute intentional discrimination against Plaintiff on the basis of his race and have deprived Plaintiff the enjoyment of the ability to make and enforce contracts with Defendant in violation of 42 U.S.C. § 1981.

28. As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, actual losses from the invalid contract, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DIA MOHAMMAD, requests that this Honorable Court enter judgment in his favor and against Defendant ROHR LUX MOTORS, INC., d/b/a LIBERTYVILLE MITSUBISHI, INC., and enter an Order awarding the following relief:

A. A written apology from Defendant;

B. Compensation for all actual losses and consequential damages Plaintiff suffered, including interest;

C. Compensatory damages;

D. Punitive damages;

E. An award of costs, as provided by F.R.C.P. 54(d)(1);

F. An award of reasonable attorneys fees, as provided by 42 U.S.C. § 1988(b)-(c); and

G. Such other relief as the Court deems equitable and just.

## COUNT II:

## NEGLIGENT MISREPRESENTATION

29. Plaintiff reasserts and realleges paragraphs one (1) through twenty-three (23) as set forth fully herein.

30. Salespersons at car dealerships can reasonably expect that customers will rely on their expertise and explicit representations when purchasing complex products such as car warranties. Because Plaintiff's reliance on Mr. Schmidt's representations was reasonably foreseeable, Defendant owed Plaintiff a duty to communicate accurate information regarding Defendant's warranties.

31. Defendant's employee Mr. Schmidt made the following false statements of material fact: (1) the Warranty was valid; (2) the Warranty would cover repairs on Plaintiff's car; and (3) Plaintiff did not need to read the contract, because it would function identically to his current warranty.

32. Because a reasonable salesperson of warranties should be familiar with the validity and extent of coverage of his products, Mr. Schmidt acted negligently in making these false statements of material fact about the Warranty.

33. Mr. Schmidt made these false statements of material fact with the intention of inducing Plaintiff to buy the Warranty.

34. Plaintiff actually relied on Mr. Schmidt's false statements of material fact by purchasing the Warranty.

35. Defendant's acts and omissions constitute negligent misrepresentation in violation of the laws of the State of Illinois.

36. As a direct and proximate result of Defendant's employee's statements, Plaintiff has suffered emotional distress, inconvenience, actual losses from the invalid contract, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DIA MOHAMMAD, requests that this Honorable Court enter judgment in his favor and against Defendant ROHR LUX MOTORS, INC., d/b/a LIBERTYVILLE MITSUBISHI, INC., and enter an Order awarding the following relief:

A.  A written apology from Defendant;

B.  Compensation for all actual losses and consequential damages Plaintiff suffered, including interest;

C.  Compensatory damages;

D.  Such other relief as the Court deems equitable and just.

## COUNT III:

## SLANDER PER SE

37. Plaintiff reasserts and realleges paragraphs one (1) through twenty-three (23) as set forth fully herein.

38. The Supervisor's repetition of "terrorist" was defamatory, because this false accusation of criminal activity tended to cause harm to Plaintiff's reputation.

39. The Supervisor's defamatory language referred to Plaintiff.

40. Because the Supervisor's defamatory language imputed to Plaintiff a criminal history, the Supervisor's language constituted slander per se.

7

41. The Supervisor made the defamatory statements in the presence of third persons, including but not limited to employees, customers and police officers.

42. Defendant's acts constitute slander per se, in violation of the laws of the State of Illinois.

43. As a direct and proximate result of Defendant's actions, Plaintiff has suffered injury to his reputation in the community, emotional distress, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DIA MOHAMMAD, requests that this Honorable Court enter judgment in his favor and against Defendant ROHR LUX MOTORS, INC., d/b/a LIBERTYVILLE MITSUBISHI, INC., and enter an Order awarding the following relief:

A. A written apology from Defendant;

B. Compensatory damages;

C. Punitive damages;

D. Such other relief as the Court deems equitable and just.

## COUNT IV:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiff reasserts and realleges paragraphs one (1) through twenty-three (23) as set forth fully herein.

45. The Supervisor, Defendant's employee, engaged in the following extreme and outrageous conduct: repeatedly shouting "I don't negotiate with terrorists!" at a longtime customer in front of employees, customers, and police officers; refusing to honor the Warranty; refusing to even speak with Plaintiff; rebuffing Plaintiff's

attempts to speak; calling the police; and demanding that the police remove Plaintiff from the car dealership.

46. The Supervisor acted with the intent to cause Plaintiff emotional distress, or with reckless disregard of the high probability of causing Plaintiff emotional distress.

47. Defendant's acts constitute intentional infliction of emotional distress, in violation of the laws of the State of Illinois.

48. As a direct and proximate result of Defendant's actions, Plaintiff has suffered extreme emotional distress, including persistent feelings of anger, worthlessness and intimidation. Plaintiff experiences lingering reluctance to engage in another contractual relationship for fear of similar outrageous conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DIA MOHAMMAD, requests that this Honorable Court enter judgment in his favor and against Defendant ROHR LUX MOTORS, INC., d/b/a LIBERTYVILLE MITSUBISHI, INC., and enter an Order awarding the following relief:

A. A written apology from Defendant;

B. Compensatory damages;

C. Such other relief as the Court deems equitable and just.

## COUNT V:

## QUASI-CONTRACT

49. Plaintiff reasserts and realleges paragraphs one (1) through twenty-three (23) as set forth fully herein.

50. Plaintiff benefited Defendant by paying two thousand dollars ($2000.00) for the Warranty.

51. Because Plaintiff paid Defendant with the intent of purchasing a valid extended warranty, Plaintiff benefited Defendant non-gratuitously.

52. Defendant accepted the benefit of two thousand dollars ($2000.00) from Plaintiff.

53. Because the Warranty is invalid, no contract existed between Plaintiff and Defendant.

54. Defendant has been unjustly enriched and has acted in violation of the laws of the State of Illinois.

55. Plaintiff has suffered emotional distress, inconvenience, actual losses from the invalid contract, and other consequential damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, DIA MOHAMMAD, requests that this Honorable Court enter judgment in his favor and against Defendant ROHR LUX MOTORS, INC., d/b/a LIBERTYVILLE MITSUBISHI, INC., and enter an Order awarding the following relief:

A. Compensation for all actual losses and consequential damages Plaintiff suffered, including interest;

B. Compensatory damages;

C. Such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

56. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

        Respectfully Submitted,

        DIA MOHAMMAD, Plaintiff,

        By: s/ Kevin Vodak
        KEVIN VODAK
        Attorney for Plaintiff

Attorney #: 6270773
Council on American-Islamic Relations,
Chicago Chapter (CAIR-Chicago)
28 East Jackson Boulevard, Suite 1410
Chicago, Illinois 60604
Ph:    312.212.1520
Fax:   312.212.1530